**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Israel CABALLERO–ZARATE, also
known as Israel Zarate Caballero,
Defendant–Appellant.**

**No. 06–20189
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 2, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before HIGGINBOTHAM, WIENER, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Israel Caballero–Zarate (Caballero) preserves for further review his contention that his sentence is unreasonable because this court's post-*Booker* \*\* rulings have effectively reinstated the mandatory Sentencing Guideline regime condemned in *Booker.* Caballero concedes that his argument is foreclosed by *United States v. Mares,* 402 F.3d 511 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005), and its progeny, which have outlined this court's methodology for reviewing sentences for reasonableness. Caballero also preserves for further review his contention that his sentence is unreasonable because the illegal reentry guideline is unduly severe. Caballero concedes that this argument is foreclosed by *United States v. Tzep–Mejia,* 461 F.3d 522, 527 (5th Cir.2006), which held that *"Booker* does not give sentencing courts the discretion to impose a non-Guideline sentence based on the courts' disagreement with Congressional and Sentencing Commission policy." Finally, Caballero raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and

\*\* *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

the judgment of the district court is AF-FIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.